UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGIL H. COLLINS, | ) | CASE NO. 1:23-cv-164 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | **MEMORANDUM OPINION** |
| TRUSTEE FOR CARRINGTON | ) | **AND ORDER** |
| MORTGAGE LOAN TRUST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Virgil H. Collins filed this action seeking relief under Federal Civil Procedure Rule 60(b) from a foreclosure judgment and sheriff's sale in the Cuyahoga County Court of Common Pleas. *See Wells Fargo Bank N.A. v. Collins*, No. CV-18-904354 (Cuyahoga Cty Ct. Comm. Pl., writ of possession issued Mar. 24, 2023). He also asserts claims under 15 U.S.C. §§ 1639c(2) and 1641(d). Defendants filed Motions to Dismiss (Doc. Nos. 9 & 18); however, the Court need not address them because it lacks subject matter jurisdiction. For the reasons set forth below, this action is dismissed.

**I.     Background**

On June 2, 2006, Collins and his wife agreed to purchase property located at 4932 Nan Drive, Richmond Hts., Ohio, for the sum of $190,000.00. He claims they executed two mortgages with New Century Mortgage Corporation ("NCMC"). The first mortgage was in the amount of $152,000.00 ("Note 1"), and the second mortgage was in the amount of $38,000.00 ("Note 2"). He contends he agreed to this arrangement so that he would qualify for a government-sponsored loan. Both mortgages had priority as the primary liability. NCMC

assigned Note 1 to Wells Fargo Bank N.A. ("Wells Fargo") but kept Note 2 and continued to administer it.

Collins contends he discovered he was the victim of their alleged mortgage fraud in 2016. He indicates that he agreed to pay $190,000.00 when the fair market value of the property was $140,000.00. He alleges no legitimate creditor would enter into a split loan arrangement when one of the loans exceeded the property's actual value. He states NCMC targeted low-income buyers and locked them into unfavorable mortgages with high interest rates. Collins claims he decided to expose this mortgage fraud by refusing to pay the interest on Note 1 and forcing a foreclosure. It appears he may have continued to pay Note 2. Wells Fargo filed a foreclosure action in the Cuyahoga County Court of Common Pleas on September 26, 2008. The state court docket indicates Plaintiff accepted service of the Complaint on October 3, 2018. *See Wells Fargo Bank N.A. v. Collins*, No. CV-18-904354 (Cuyahoga Cty Ct. Comm. Pl. Aug. 31, 2022).

Collins hired Attorney Joanne Brown to represent him in the foreclosure case. He alleges Brown repeatedly failed to comply with deadlines and made no attempt to present his case. His Answer was due on November 1, 2018. On November 7, 2018, Brown filed a Motion for Leave to File an Answer Instanter, which the court granted. On January 15, 2019, Wells Fargo filed a Motion for Summary Judgment. Thirty-five days later, on February 19, 2019, Brown asked the court for additional time to respond to the Motion. The court granted her until March 26, 2019 to respond. On March 26, 2019, the court held Wells Fargo's Motion for Summary Judgment in abeyance and indicated that Brown was not required to respond until a settlement conference scheduled for May 24, 2019, had taken place. After the settlement conference, Brown asked for leave to file an amended Answer, which was granted over Wells Fargo's objection. That amended Answer was due on or before June 21, 2019. On June 21, 2019, Brown asked for an

extension of time until August 15, 2019, to file the amended Answer. The court granted that request. On August 15, 2021, Brown sought yet another extension to file the amended Answer and a counterclaim. The court granted her to September 13, 2019, to file an amended Answer and indicated no further extensions would be given. Brown never filed the amended Answer or counterclaim. There is no indication that she responded to the Motion for Summary Judgment. On November 25, 2019, the court granted Wells Fargo's Motion for Summary Judgment. The magistrate issued their decision with findings of fact and conclusions of law on December 11, 2009. Brown did not file objections to the magistrate's decision but asked the court to stay the case to allow the parties to seek resolution of the dispute. The court denied the request for a stay. On January 7, 2020, the court adopted the magistrate's decision and entered a decree of foreclosure. Collins did not appeal.

On January 17, 2020, the court issued an order of sale to the Cuyahoga County Sheriff. Collins filed *pro se* objections to the magistrate's decision, but they were denied. Brown filed a Motion on February 2, 2020, seeking to vacate the judgment and requesting leave to file an amended Answer and leave to submit a counterclaim. She cited complications with her case management software and health problems to explain her previous failure to file the amended answer and counterclaim. The Motion also argued that the mortgage was induced by fraud. The court denied the Motion on February 25, 2020. Collins appealed this decision. The Ohio Court of Appeals affirmed the decision on February 25, 2021. The property was sold on March 2, 2020.

Collins filed a *pro se* Motion to Stay the Confirmation of the Sale. It was denied, and the sale was confirmed on May 3, 2021. The court ordered a deed to be recorded upon full payment by the purchaser. Collins filed a *pro se* Motion to Vacate the Confirmation. The court granted

3

that Motion and vacated the confirmation of sale pending an *en banc* decision from the Ohio Court of Appeals. The Appellate Court affirmed the trial court decision, and on August 31, 2022, the court confirmed the sale.

Collins continued his efforts to reverse the sale and litigate the foreclosure. He filed an Emergency Motion to Extend the time respond to the decree of confirmation and sought relief under Rule 60(b). That Motion was denied. He attempted to remove the case to this federal court, but it was remanded. He asked the court to vacate the sale due to fraud on the court and falsification of the property value. The Motion was denied. He requested a new trial. That Motion was also denied. He filed two Motions to quiet title, both of which were unsuccessful. He filed an appeal which was dismissed. He filed four Motions to stay the eviction. The court granted a 60-day extension but denied a stay.

Collins has now filed this action in this federal court seeking relief from the state court judgment under Rule 60(b)(3) and asking this Court to vacate the state court judgment and allow him to relitigate the case. He claims he is entitled to relief from the state court judgment based on fraud on the court. He cites to six incidents to support his claims of fraud. Two such claims pertain to the fraud in the obtaining the mortgage. He asserts that NCMC falsified Truth in Lending Act ("TILA") documents and failed to provide him with the correct definition of a high-cost mortgage. He also asserts that NCMC concealed its location after the transaction, preventing him from exercising his right to recission under the TILA. The other three claims pertain to incidents that occurred in the state court foreclosure action. He contends Wells Fargo is trying to evict him even though the second mortgage gave him a continuing ownership interest in the property. He also asserts that Wells Fargo misrepresented the value of the property during the foreclosure proceeding. Finally, he claims Brown committed fraud on the court by missing

4

deadlines, getting extensions, and failing to bring relevant facts and arguments to the court.

Collins also asserts claims under the TILA, specifically 15 U.S.C. §§ 1639c(2) and 1641(d). Section 1639c(2) states that when a consumer seeks to obtain multiple loans on a property, the creditor must make a reasonable determination that the consumer has the ability to make all of the payments. He contends that NCMC did not assure him he could afford both mortgages. Section 1641(d) addresses the economic reality that mortgages can be sold to other creditors. When this occurs, the new mortgage holder is subject to the claims and may assert the same defenses as the original creditor. He claims this makes Wells Fargo liable to him for NCMC's actions. Collins seeks injunctive relief to prevent Wells Fargo from evicting him from the property, relief from the foreclosure judgment, the tolling of the statute of limitations for any claims he may have against NCMC, relief under Fed. R. Civ. P. 60(b), the canceling of all interest payments, and that he be restored the property at 4932 Nan Lin Drive.

## II.     Standard

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (*per curiam*), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

### III.    Analysis

This Court lacks subject matter jurisdiction to grant Collins relief from a state court judgment.  Federal Civil Procedure Rule 60(b) provides a mechanism for this Court to grant relief from its *own* judgment.  Collins is not seeking relief from a judgment issued by this Court in this case.  He is seeking relief from the state court judgment.  Rule 60(b) does not allow a federal court to grant relief from a judgment it did not issue.

Furthermore, United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  *Id*.  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.  *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1]  *See District of Columbia Court of Appeals v. Feldman*, 460

---

[1] 28 U.S.C. § 1257(a) provides:

Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of

6

U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether Rooker–Feldman bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state-court judgment itself, then the Rooker–Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other

---

the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

In this case, Collins asks this Court to relieve him from the judgments of foreclosure and eviction and to restore the property on Nan Linn Drive to him without encumbrances. This Court lacks subject matter jurisdiction to grant the relief he seeks.

To the extent Collins raises new claims or prior claims under a new legal theory in the hope of achieving a different result, he is barred by *res judicata*. The term "*res judicata*" literally means "a matter [already] judged." The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

In granting foreclosure and confirming the sale, the state court determined the validity of the mortgage and reserved the issue of property ownership. Collins' claims in this action challenge the validity of the mortgages and assert an ownership interest in the property. He is barred by *res judicata* from relitigating these issues.

Finally, it appears Collins may be attempting to bring malpractice claims against Brown.

Those claims are not barred by Rooker-Feldman or *res judicata*; however, they arise under state tort law.  This Court can exercise supplemental jurisdiction over state law claims that arise from the same nucleus of operative facts as the claims he asserts under federal law when considerations of judicial economy dictate having a single trial.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  The Court may also decline to exercise its discretion.  *Id.* at 726.  Indeed, in cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.  *Id.*  Because this Court lacks subject matter jurisdiction to hear the federal claims Collins raised, this Court declines jurisdiction to hear Collins' state law claims against Brown.

This action is DISMISSED pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999), without prejudice to any claims Collins may bring in state court.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
**Date**: May 5, 2023                            UNITED STATES DISTRICT JUDGE