UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGIL H. COLLINS, | ) | CASE NO. 1:23-cv-00164 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | **MEMORANDUM OPINION** |
| TRUSTEE FOR CARRINGTON | ) | **AND ORDER** |
| MORTGAGE LOAN TRUST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's motion for reconsideration of this Court's Order dismissing his complaint (Doc. No. 19) and for an extension of time to file an appeal. (Doc. No. 21.) For the reasons that follow, Plaintiff's motion reconsideration motion is DENIED, and Plaintiff's motion for an extension of time to file his appeal is DENIED as moot.

## I. Reconsideration

Plaintiff first claims that the Court erred in stating that he was seeking relief from the state court judgments under Fed. R. Civ. P. 60(b). He claims he eliminated all references to this rule in his amended complaint. He also claims he addressed issues pertaining to *res judicata* and the Rooker-Feldman Doctrine in his response to the Defendants' motion to dismiss. He contends that Defendants' actions led to the original lawsuit and therefore it is the Defendants that caused him injury. He additionally argues that Rooker-Feldman does not apply when the injury comes from the Defendants. Finally, he argues that the state court denied him due process by not considering his arguments and defenses. He asserts that *res judicata* does not apply when a party

is denied due process in the state court proceeding. He asks this Court to reconsider its dismissal of his case and accept jurisdiction.

A party may seek to alter or amend a judgment under Fed. R. Civ. P. 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal. *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted). The decision of whether to grant such a motion lies within the discretion of the district court. *Intera Corp. v. Henderson*, 428 F.3d 605, 619-20 (6th Cir. 2005). A motion to alter or amend a judgment must demonstrate why the Court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *1-2 (W.D. Tenn. July 17, 2007) (citing *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla .1996). Relief under Fed. R. Civ. P. 59(e) is extraordinary and is seldom granted "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011).

Plaintiff first contends the Court erred in stating that he was seeking relief from the state court judgments under Fed. R. Civ. P. 60(b). He claims he eliminated all references to this rule in his amended complaint. To the contrary, on the first page of his Amended Complaint, Plaintiff states, "Now Comes Virgil H. Collins, *pro se* Plaintiff, with Plaintiff's Amended Complaint of fraud surrounding Truth In Lending, *Relief from Judgement*, restitution, declaratory

Judgment, Legal Malpractice by Gross Negligence, Estoppel in pais, civil penalties, punitive damages and compensatory damages . . . ." (Doc. No. 12 at PageID 193-94 (emphasis altered).). Furthermore, in his prayer for relief, Plaintiff specifically asks this Court to "GRANT Petition for Rehearing per Fed. R. Civ. P. 60(b) . . . ." (*Id.* at PageID 220). The Court did not err as a matter of law in stating that it could not relieve Plaintiff of a state court judgment under Fed. R. Civ. P. 60(b).

Plaintiff also claims the Court erred in determining this case was barred by the Rooker-Feldman and *res judicata* doctrines. He claims he addressed issues pertaining to *res judicata* and Rooker-Feldman in his response to Defendants' motion to dismiss. The Court acknowledges that he attempted to dispute the application of these two doctrines; however, his arguments were not persuasive.

To the extent that Plaintiff is seeking "[r]elief from judgment in foreclosure proceedings" (Doc. No. 12 at PageID 220), "restitution [of the] property at 4932 Nan Linn Drive, to the Plaintiff" (*Id.*), "cancel[ing] all requirement[s] for the interest payment on the subject property" (*Id.*), and "injunctive relief prohibiting Defendant Fargo from executing an eviction on property" (*Id.* at PageID 129), he is asking this Court to overturn the state court judgments of foreclosure and eviction. This Court lacks jurisdiction to grant that relief. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The Court did not commit a clear error of law in determining that the Rooker-Feldman Doctrine bars this Court from overturning or granting relief from a state court judgment.

To the extent Plaintiff is seeking to relitigate the validity of his mortgage, the foreclosure, or his current ownership interest in the property, he is barred by the doctrine of *res judicata*. The

3

term "*res judicata*" literally means "a matter already judged."  Once a judgment on the merits is rendered, all parties to that litigation are bound by it, unless the judgment is overturned on appeal.  *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).  *Res judicata*, however, only applies to the second action if the person against whom the doctrine is asserted had notice of the first action and had an opportunity to participate in it.  If the person did not know the action had been filed or was excluded from the litigation and denied the opportunity to participate, he or she cannot be held to the judgment in the first litigation.  In other words, he or she must have been given the constitutional minimum of due process.  *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 546 (1985) (due process requires "notice and an opportunity to respond"); *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 482 (1982).

Plaintiff claims *res judicata* does not apply because he was denied due process during the foreclosure action.  This argument is not well-taken.

The first inquiry is whether the Plaintiff received notice of the foreclosure action.  The answer there clearly is yes.  The foreclosure action was filed on September 26, 2008.  He accepted service of the Complaint on October 3, 2018, and filed an answer on November 7, 2018.  *See Wells Fargo Bank N.A. v. Collins*, No. CV-18-904354 (Cuyahoga Cty Ct. Comm. Pl. Aug. 31, 2022).  He had notice of the proceedings.

The second inquiry is whether he had an opportunity to be heard.  The key word is "opportunity."  Due process does not require that the litigant avail himself of that opportunity.  Nor does it require courts to grant an endless number of extensions and delays to make sure the litigant files everything he wants.

In this case, Plaintiff had numerous opportunities to be heard. Wells Fargo filed a motion for summary judgment on January 15, 2019. Thirty-five days later, on February 19, 2019, Plaintiff's attorney asked the court for additional time to respond to the motion. The court granted her until March 26, 2019, to respond. Despite having two months to respond, Plaintiff's attorney did not file a response. On March 26, 2019, the court held a hearing on an unrelated motion and during that hearing gave Plaintiff additional time to prepare a response by agreeing to hold the motion for summary judgment in abeyance until after a May 24, 2019, settlement conference. Although Plaintiff was not required to respond during the time the motion was held in abeyance, he and his attorney had another two months to formulate what their response would be if the parties did not settle. The settlement conference occurred as scheduled on May 24, 2019, but no agreement was reached. At the conference, Plaintiff's attorney indicated a desire to amend Plaintiff's answer to the complaint. The court granted that request over Wells Fargo's objection and informed Plaintiff's attorney that the answer was due on or before June 21, 2019. On June 21, 2019, his attorney asked for an extension of time until August 15, 2019, to file the amended answer. The court granted that request. On August 15, 2021, his attorney sought yet another extension to file the amended answer and indicated she also wanted to file a counterclaim. The court granted her to September 13, 2019, to file an amended answer and indicated no further extensions would be given. His attorney never filed the amended answer or counterclaim. There is no indication that she responded to the motion for summary judgment. The magistrate issued their decision with findings of fact and conclusions of law granting Wells Fargo's summary judgment motion on December 11, 2009. Plaintiff's attorney did not file objections to the magistrate's findings of fact and conclusions of law. Instead, on December 20, 2019, his attorney asked the court to stay the case to allow the parties to seek resolution of the

dispute. The court denied the request for a stay. On January 7, 2020, one year after the motion for summary judgment was filed, the court adopted the magistrate's decision and entered a decree of foreclosure. Plaintiff did not appeal.

Plaintiff argues that he could not file a response to the motion for summary judgment because the judge did not specifically lift the abeyance. That argument is also unavailing to get beyond the bar of *res judicata*. As an initial matter, the judge specifically stated on the docket that the summary judgment motion would be held in abeyance until the May 24, 2019, settlement conference. The Order had a time limit written into it. Furthermore, the court did not grant summary judgment immediately after the settlement conference. To the contrary, seven months passed before the court addressed the motion. During that intervening time, neither Plaintiff nor his attorney inquired about the abeyance or the due date for the response to the motion. Neither Plaintiff nor his attorney submitted a response, objected to the magistrate's report, or appealed the judgment. Plaintiff was not excluded from participation and was not denied due process. The Court did not err in concluding that *res judicata* bars relitigation of the foreclosure, the mortgage, or ownership of the property. Plaintiff's reconsideration motion is denied.

## II. Extension of Time to File Appeal

Plaintiff asks this Court to grant him an extension of time to file an appeal. Generally, under Fed. R. App. P. 4(a), a notice of appeal in a civil action must be filed within 30 days of the entry of the judgment. Compliance with the time limits of that rule is mandatory and jurisdictional. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988); *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir.1994). However, if a party timely files a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment, "the time to file an appeal runs for all parties from the entry of the order disposing of the [motion]." Fed. R. App. P. 4(a)(4)(A)(iv). Here, Plaintiff filed his

motion within the 28-day window set forth in Fed. R. Civ. P. 59(e). Thus, Plaintiff must file his notice of appeal within 30 days of this Order. No extension of time is necessary.

**IT IS SO ORDERED.**

**Date**: June 23, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE