UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGIL H. COLLINS, | ) | CASE NO. 1:23-cv-164 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | **MEMORANDUM OPINION** |
| TRUSTEE FOR CARRINGTON | ) | **AND ORDER** |
| MORTGAGE LOAN TRUST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Virgil Collins's ("Plaintiff" or "Collins") filed motions with the Court seeking the following relief: a change of judge; a "plain error" correction of the Court's jurisdiction decision pursuant to Rule 60(b)(6); clarification; reconsideration; to vacate or modify the Court's order; leave to amend the complaint; and a written opinion. (Docs. 29, 30.) Defendants' omnibus opposition was timely submitted. (Doc. 31.)

For the following reasons, Plaintiff's motions are DENIED.

**I.     BACKGROUND**

On January 27, 2023, Plaintiff named Wells Fargo Bank N.A. ("Wells Fargo"), Carrington Mortgage Loan Trust ("Carrington"), New Century Mortgage Corporation and New Century Liquidating Trust (collectively "NCMC"), and Joanne Brown as defendants in a multi-count complaint alleging, among other things, fraud, Truth in Lending violations, and an entitlement to injunctive and declaratory relief. (Doc. 1.) The factual background of Plaintiff's

complaint is summarized in the Court's May 5, 2023 Memorandum Opinion and Order, which the Court reincorporates in this decision. (Doc. 19 at 292–96.)[1]

In that Order, the Court did not consider Defendants' motions to dismiss (Docs. 9, 18) because it lacked subject matter jurisdiction to grant relief from a state court judgment. (*See* Doc. 19 at 292, 297.) The Court dismissed the action pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) without prejudice to Plaintiff bringing his claims in state court. (*See id.* at 300.)

On May 23, 2023, Plaintiff filed a combined motion for leave to file a motion for reconsideration and a motion for extension of time to file an appeal. (Doc. 21.) Carrington and Wells Fargo opposed this motion on June 6, 2023. (Doc. 22.) On June 23, 2023, the Court denied Plaintiff's motion for reconsideration and instructed Plaintiff to file his notice of appeal within thirty days. (Doc. 23.) Collins filed a notice of appeal to the Sixth Circuit on July 19, 2023. (Doc. 24.) On March 29, 2024, the Sixth Circuit affirmed this Court's judgment. *Collins v. Wells Fargo Bank, N.A.*, No. 23-3603, 2024 WL 3493330, 2024 U.S. App. LEXIS 7513 (6th Cir. Mar. 29, 2024) ("*Collins II*").

On May 8, 2024, Plaintiff filed a "motion for a change of judge in attached Fed. R. Civ. P. 60(b) complaint." (Doc. 29.) On the same day, Plaintiff also filed an "Emergency Motion for a civil rule 60(B)(6) 'plain error' correction in its jurisdiction, Motion for clarification, Motion to reconsider, Motion to vacate or modify its order, Motion to amend complaint to a civil rights complaint, [and] Motion for a written opinion." (Doc. 30.) On May 21, 2024, Carrington and

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Wells Fargo opposed Collins's emergency motion, but did not respond to his motion for a change of judge. (Doc. 31.)[2] Plaintiff has not replied and the deadline for doing so has passed.

## II. ANALYSIS

### A. Change of Judge

In his motion for a change of judge, Collins argues this Court's decision to dismiss his amended complaint *sua sponte* was "based on an illegal document." (Doc. 29 at 351.) Plaintiff contends the Court's "abuse of discretion caused excessive time and money to properly litigate [his] case" and he "respectfully request[s] that this court assigns a different judge to review the attached Civil Rule 60(B) Complaint." (*Id.*)

The Court construes Plaintiff's motion for a change of judge as a motion to disqualify under 28 U.S.C. § 144, or § 455. *See Consol. Rail Corp. v. Yashinksy*, 170 F.3d 591, 597 (6th Cir. 1999) ("28 U.S.C. §§ 144 and 455 govern when a judge should recuse herself."). "[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Huth v. Hubble*, No. 5:14-cv-1215, 2016 WL 6610808, at *2, 2016 U.S. Dist. LEXIS 156863, at *7 (N.D. Ohio Feb. 23, 2016) (quoting *Scott v. Metro. Health Corp.*, 234 Fed. App'x 341, 352 (6th Cir. 2008)).

The judge does not bear the burden of proving he or she is impartial. *See id.* Rather, the movant bears the burden of "convincing the court that a reasonable person would find that the bias exists." *United States v. Hoffa*, 382 F.2d 856, 861 (6th Cir. 1967) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)). "Disqualification under both Sections 144 and 455 must be predicated 'upon extrajudicial conduct rather than judicial conduct' and upon 'a personal bias as distinguished from a judicial one, arising out of the judge's background and

---

[2] Defendants Joanne Brown and NCMC did not oppose these motions.

3

association and not from the judge's view of the law.'" *Yashinksy*, 170 F.3d at 597 (internal citations omitted). Without any extrajudicial basis for recusal, a judge may not recuse him or herself. *See Hoffa*, 382 F.2d at 861 ("There is an obligation upon a judge not to recuse himself when there is no occasion.").

Collins has not presented a basis for disqualification. The only conduct discussed in his motion concerns the Court's prior ruling. (*See* Doc. 29 at 351.) Accordingly, Plaintiff has not met his burden, and this motion is denied.

### B. Rule 60(b)(6)

Plaintiff's motion seeks relief under Federal Rule of Civil Procedure 60(b)(6). (Doc. 30 at 353–55.) Plaintiff requests the Court "grant his motion for a Civil Rule 60(B) reversal based on the mistake by the District Court judge[.]" (*Id.* at 355.)

At this point, this Court and the Sixth Circuit have both assessed whether Plaintiff is entitled to relief under Rule 60. In the first instance, the Court determined it lacked jurisdiction to grant relief. (Doc. 19). Upon reconsideration, the Court found it did not err in dismissing this action. (Doc. 23.) On appeal, the Sixth Circuit found this Court "correctly concluded that *Rooker-Feldman* bars Collins's claims for relief from the state-court foreclosure proceedings." *Collins II*, 2024 WL 3493330, at *3, 2024 U.S. App. LEXIS 7513, at *8–9. The Sixth Circuit explained "[g]ranting Collins's requested relief would amount to overturning the state court's judgment." *Id.*[3]

Plaintiff repeats the same arguments here. (*Compare* Doc. 21 at 302–04 *with* Doc. 30 at 353–55.) His only new assertion is that "the District Court's error was transferred to the 6th

---

[3] Plaintiff does not seek relief for his Truth in Lending Act or Home Ownership and Equity Protection Act claims. The Sixth Circuit held these claims "likewise fail" because they are untimely. *Collins II*, 2024 WL 3493330, at *4, 2024 U.S. App. LEXIS 7513 at *11–12.

4

Circuit Court of Appeals." (Doc. 30 at 354.) This argument in insufficient to warrant relief under Rule 60(b). Rule 60(b) does not allow a federal court to grant relief from a judgment it did not issue.

### C. Motion for Clarification

Plaintiff's motion for clarification cites case law from the Eighth Circuit on the legal effect of an amended complaint. (*See* Doc. 30 at 355–56 (citing *Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014)).) To Plaintiff, the "Original Complaint was superseded, and now has no legal effect in law." (*Id.* at 356.) He therefore "moves this court to clarify why these parameters do not apply to his case" and whether the Court is permitted to "abandon *de novo* review" when considering *res judicata* and the *Rooker-Feldman* doctrine. (*Id.* at 357.) He also asks the Court to "clarify whether a court can base their final decision by using a superseded Complaint with a different caption[.]" (*Id.*)

The Federal Rules of Civil Procedure do not provide for a motion for clarification. That said, the Sixth Circuit has recognized such motions to "clarify the scope" of a previous order.[4] *United States v. Riley*, 609 Fed. App'x 837, 841 n.2 (6th Cir. 2015) (noting if a party "were concerned only with clarifying the scope of the district court's Order, it could have filed a motion for clarification with the district court"); *see also Dixit v. Smith*, No. 2:21-cv-2602, 2023 WL 6367666, at *1, 2023 U.S. Dist. LEXIS 176771, at *2 (W.D. Tenn. Sept. 29, 2023) ("Case law holds that the general purpose of a motion for clarification is to explain or clarify something

---

[4] In other circumstances, the Sixth Circuit affirmed a district court's decision to construe a motion to clarify "as one seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure." *In re Walter*, 282 F.3d 434, 439 (6th Cir. 2022). The Court addressed Plaintiff's arguments in support of his Rule 60(b) motion and found them to be insufficient to grant relief from judgment. To the extent that Collins's motion for clarification seeks relief under Rule 60(b), this motion is denied for the same reasons.

5

ambiguous or vague in the court's order or judgment.") (internal quotation marks omitted); *United States v. Troutman*, No. 1:11-cr-472, 2022 WL 326523, at *1, 2022 U.S. Dist. LEXIS 20069, at *2 (N.D. Ohio Feb. 3, 2022) ("[A] motion for clarification is properly used to clarify the scope of a district court's prior order.").

Collins's request for clarification does not seek to clarify the scope of this Court's or the Sixth Circuit's orders. Moreover, nothing in these orders is ambiguous or vague. Instead, Plaintiff aims to relitigate arguments both the Sixth Circuit and this Court have rejected. *See Union Home Mortg. Corp. v. Cromer*, No. 4:21-cv-385, 2022 WL 5174149, at *1, 2022 U.S. Dist. LEXIS 184481, at *2 (N.D. Ohio Mar. 16, 2022) ("The Court denied Defendants' request for clarification because [] it was 'merely a motion for reconsideration and an attempt to relitigate issues previously decided by the Court[.]'"). Thus, the motion for clarification is denied.

### D. Motion for Reconsideration

Plaintiff argues a "legal framework known as ROGS"[5] presents exceptions to the *Rooker-Feldman* and *res judicata* doctrines. (Doc. 30 at 357–58.) In sum, under *United States v. Throckmorton*, 98 U.S. 61 (1878) (discussing exceptions to *res judicata*) and *McCormick v. Braverman*, 451 F.3d, 382, 393 (6th Cir. 2006) (discussing exceptions to the *Rooker-Feldman* doctrine), the Court has jurisdiction over Collins's case. (Doc. 30 at 361–62.)

Courts "evaluate a motion to reconsider as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e)." *United States v. Thompson*, 580 F.Supp.3d 503, 505

---

[5] According to Plaintiff, ROGS "is an acronym for Reasonable Person Standard (R): Ordinary Care (O): Government Immunity (G): and Statute of Limitations (S)." (Doc. 30 at 357.) Though his motion discusses ROGS at length, Plaintiff has not cited an authority following this framework.

(N.D. Ohio 2022) (citing *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990)). Three situations justify altering or amending judgment under Rule 59(e): (1) accommodating an intervening change in controlling law; (2) accounting for new evidence not available at trial; or (3) correcting a clear error of law or to prevent a manifest injustice. *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio Nov. 10, 2003).

Like his previous motion, Collins does not argue there was an intervening change in controlling law, nor does he point to new evidence not available at trial.[6] (*See* Doc. 30 at 357–62.) Instead, his motion to reconsider is simply another attempt to relitigate matters already decided. The Court considered and rejected almost identical arguments raised in Collins's previous motion to reconsider. (*Compare* Doc. 21 at 303 *with* Doc. 30 at 361 (each citing *McCormick*, 451 F.3d at 393); *see also* Doc. 23 at 323 ("Plaintiff claims *res judicata* does not apply because he was denied due process during the foreclosure action. This argument is not well-taken."); Doc. 23 at 323 ("The Court did not commit a clear error of law in determining that the Rooker-Feldman Doctrine bars this Court from overturning or granting relief from a state court judgment.")). *Collins II*, 2024 WL 3493330, at *4, 2024 U.S. App. LEXIS 7513, at *10 ("[T]he court did not err in sua sponte applying *Rooker-Feldman* because subject-matter jurisdiction was clearly lacking as to those claims.").

---

[6] Plaintiff alludes to evidence "that has now surfaced that shows that the Trial Court Judge was actively involved with the scheme to deny Collins access to court proceedings, when she became aware of Collins's attempt to have NCMC enjoined to the case." (Doc. 30 at 366.) Still, Plaintiff's pending motions merely repeat his attacks on the state court's adjudication of his case without discussing new evidence. (*See id.* at 360.) As the Sixth Circuit noted in its opinion, "[r]ather than collusion, the most plausible explanation for NCMC's absence in state court is that, according to Collins's pleadings, NCMC filed for bankruptcy and went out of business a decade before Wells Fargo filed the foreclosure action." *Collins II*, 2024 WL 3493330, at *4, 2024 U.S. App. LEXIS 7513, at *11.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decisions. *Equal Emp't Opportunity Comm'n v. Dolgencorp, LLC*, 277 F.Supp.3d 932, 941 (E.D. Tenn. 2017). As a result, Plaintiff has not met his burden of showing that he is entitled to extraordinary relief under Rule 59(e). *See Thompson*, 580 F.Supp.3d at 505 ("A motion to alter or amend a judgment is 'extraordinary and is seldom granted because it contradicts notions of finality and repose.'").

### E. Motion to Vacate or Modify

In support of his motion to vacate or modify the Court's order, Collins repeats his arguments about the ROGS framework. (Doc. 30 at 362–65.) Plaintiff does not specify how the Court should modify its order, nor does he identify which Federal Rule of Civil Procedure serves as the basis for his motion. Instead, Collins devotes most of this motion to explaining a "catch and kill" scheme by his "rogue attorney." (*Id.* at 364–65.)

To the extent this motion seeks to vacate or modify this Court's order under Rules 59 and 60, this motion is denied for the same reasons as Plaintiff's Rule 59(e) and 60(b) motions. *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under rule 59(e) as a motion to alter or amend a judgment.").

### F. Motion to Amend

Collins moves for leave to amend his complaint to include "a civil rights fourteenth amendment complaint." (Doc. 30 at 365–66.) He seeks to add a claim against an Ohio state court judge who allegedly "has a history of wrongfully issuing Summary Judgment" and was "actively involved with the scheme to deny Collins access to court proceedings." (*Id.* at 366.)

8

The Sixth Circuit has made clear that "[a]lthough leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal." *Russell v. GTE Gov't Sys. Corp.*, 141 Fed. App'x 429, 437 (6th Cir. 2005) (quoting *In re General Motors Corp. Anti Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997), *aff'd,* 172 F.3d 623 (8th Cir. 1999)). "Amendments after judgment should be allowed only if the standards under Rule 59(e) or 60(b) are met." *Id.* (citing *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1196 (7th Cir. 1985) and *Oleson v. United States*, 27 Fed. App'x 566, 570 (6th Cir. 2001)).

As discussed above, Collins has not shown he meets the Rule 59(e) or Rule 60(b) standards. Moreover, his motion is untimely as the foreclosure proceedings concluded years ago. (Doc. 19 at 294–95.) *See also Russell*, 141 Fed. App'x at 437 (denying a plaintiff's motion to amend a complaint as untimely). Plaintiff's motion to amend his complaint is denied.

### G. Motion for a Written Opinion

Lastly, Collins moves for a written opinion. He concedes he could not "locate relevant Rules in the Ohio Federal Rules of Appellant Procedure" and instead "is basing his motion on a Florida Rule of Procedure 9.330." (Doc. 30 at 366.) It appears this request aims to obtain answers to questions about the Court's dismissal of Plaintiff's complaint *sua sponte* and the absence of certain Supreme Court or Sixth Circuit cases. (*Id.* at 367–69.) Defendants highlight Plaintiff "has already received numerous written opinions from this court and the Sixth Circuit." (Doc. 31 at 385.)[7]

---

[7] Defendants also argue because the Court is sitting in diversity, it "must apply the substantive law of the state in which the action is pending—Ohio." (Doc. 31 at 385 (citing *Degussa Admixtures, Inc. v. Burnett*, 277 Fed. App'x 530, 532 (6th Cir. 2008)).) Both Plaintiff's original and amended complaints purport to "bring[] this case pursuant to the federal question jurisdiction." (Doc. 1 at 2; Doc. 12 at 195.)

Plaintiff has benefitted from multiple written opinions by both this Court and the Sixth Circuit, and he is now receiving the benefit of this opinion as well. (*See* Docs. 19, 23.) *See also Collins II*, 2024 WL 3493330, 2024 U.S. App. LEXIS 7513. Plaintiff's request for an opinion that addresses specific questions as he has presented them is not cognizable under the Federal Rules of Civil Procedure and lacks merit. This motion is denied.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motions (Docs. 29, 30) are DENIED.

**IT IS SO ORDERED.**

**Date**: February 19, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE